**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRETT GIBSON**, individually and on behalf of all others similarly situated, | ) | Case No. 5:26-cv-00848 |
| | ) | Judge John R. Adams |
| Plaintiff, | ) | |
| vs. | ) | **AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT** |
| **MAC TRAILER ENTERPRISES, INC.,** ***et. al.***, | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendants. | ) | |

Pursuant to Fed. R. Civ. P. Rule 15(a)(1), Named Plaintiff Brett Gibson ("Named Plaintiff"), individually and on behalf of others similarly situated, for his collective and class action Amended Complaint against Defendants MAC Trailer Enterprises, Inc. ("Defendant MAC Trailer Enterprises"), and MAC Trailer Manufacturing, Inc. ("Defendant MAC Trailer Manufacturing") (collectively, "Defendants"), states and alleges as follows:

## INTRODUCTION

1. This case challenges certain policies and practices of Defendants that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. Chapter 4111, the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15, and O.R.C. § 2307.60. Named Plaintiff also brings this lawsuit under the common law of Ohio for Defendants' failure to pay Named Plaintiff and other similarly situated employees for all hours worked in excess of forty (40) in a workweek at a rate of time and one-half their properly calculated regular rate.

2. Named Plaintiff brings this case as a collective action individually and on behalf of other similarly situated persons who may join this case pursuant to 29 U.S.C. § 216(b).

3. Named Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the OMFWSA, the OPPA, and O.R.C. § 2307.60, individually and on behalf of other similarly situated employees employed by Defendants in Ohio.

4. Furthermore, Named Plaintiff brings a claim pursuant to O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a, for Defendants' failure to respond to valid document requests within the required thirty (30) business days.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Named Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendants are domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Named Plaintiff's claims occurred in this District and Division.

7. This Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

### A. Named Plaintiff

8. Named Plaintiff Brett Gibson is an adult individual residing in Alliance, Ohio. Named Plaintiff's written Consent to Join this Action was attached as Exhibit A to the Original Complaint (ECF No. 1-1).

9. Named Plaintiff was employed by Defendants, individually or jointly, from approximately September 17, 2015, until approximately July 8, 2024, as a non-exempt, hourly

manufacturing employee. Specifically, Named Plaintiff Gibson was employed by Defendants as an hourly welder at Defendants' location in Alliance, Ohio.

10. At all relevant times, Named Plaintiff and other similarly situated employees were "employees" within the meaning of the FLSA and Ohio law.

11. At all relevant times, Named Plaintiff and those similarly situated employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

**B. Defendants**

12. Defendant MAC Trailer Enterprises is a for-profit Ohio corporation with its headquarters at 14599 Commerce Street, Alliance, OH 44601. Defendant MAC Trailer Enterprises can be served through its Ohio registered statutory agent: Krugliak, Wilkins, Griffiths & Dougherty Co LPA, 4771 Munson Street NW, Canton, OH 44718.

13. Defendant MAC Trailer Manufacturing is a for-profit Ohio corporation with its headquarters at 14599 Commerce Street, Alliance, OH 44601. Defendant MAC Trailer Manufacturing can be served through its Ohio registered statutory agent: Krugliak, Wilkins, Griffiths & Dougherty Co LPA, 4771 Munson Street NW, Canton, OH 44718.

14. Defendants, individually and jointly, constituted a single integrated enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

15. Defendants, individually and jointly, constituted employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

16. Defendants, individually and jointly, are engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that they, individually and jointly, have employees engaged in commerce or in the production of goods for commerce.

17. Defendants, individually and jointly, have an annual gross volume of sales made or business done of not less than $500,000.00.

## FACTUAL ALLEGATIONS

**A. Defendants have been individual and joint employers of Named Plaintiff and those similarly situated.**

18. Defendants are jointly and severally liable for the overtime violations alleged herein as joint employers of Named Plaintiff and those similarly situated.

19. At all relevant times, Defendants were, individually and jointly, employers of Named Plaintiff and other similarly situated employees within the meaning of the FLSA and Ohio law.

20. Defendants are in the manufacturing business. Defendants hold themselves out as the nation's leader in specialized trailers, parts, and services, with ten (10) plants across six (6) states.[1]

21. Defendants jointly employ and/or employed Named Plaintiff and others similarly situated in their business.

22. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

23. At all relevant times, Defendants shared direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees.

---

[1] https://www.mactrailer.com/our-company (last visited June 5, 2026).

24. At all relevant times, Defendants shared direct or indirect control and authority over the working conditions of Named Plaintiff and those similarly situated.

25. At all relevant times, Defendants jointly hired and fired employees, supervised and controlled the work schedules and conditions of employees, determined the rate and method of pay, and/or maintained employee records.

26. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees across all locations, including those related to the payment of wages, overtime, timekeeping, and the allegations made in this complaint.

27. The work performed by Named Plaintiff and similarly situated employees benefited Defendants and directly or indirectly furthered their joint interests.

**B. Defendants failed to pay Named Plaintiff and those similarly situated all overtime compensation earned because Defendants failed to properly calculate the regular rate of pay.**

28. Defendants employ hourly workers to provide various manufacturing services.

29. Named Plaintiff and other similarly situated employees were hourly manufacturing employees who worked for Defendants within the last three years. Defendants agreed to pay Named Plaintiff and other similarly situated employees for all hours worked for Defendants at a set hourly rate. Defendants further agreed to pay Named Plaintiff and other similarly situated employees for all hours worked for Defendant over forty (40) in a workweek at a premium rate of time and a half their properly calculated regular rate. At no time was Named Plaintiff or other similarly situated employees paid on a salary basis.

30. Named Plaintiff was paid approximately $26.00 per hour. Named Plaintiff was also provided non-discretionary compensation, including but not limited to, weekly attendance bonuses ("Attendance Bonus").

31. Defendants failed to include Named Plaintiff's non-discretionary compensation, including his weekly Attendance Bonuses, when calculating Named Plaintiff's overtime rate. Rather, such overtime rate was calculated based only on Named Plaintiff's $26.00 base hourly rate.

32. Failing to include non-discretionary compensation, including weekly Attendance Bonuses, when calculating the regular rate for overtime payment purposes is a companywide practice and policy affecting all hourly employees who receive such non-discretionary compensation.

33. Because this additional, non-discretionary pay was not included in their regular rates of pay, Defendants violated the FLSA and Ohio law by not paying Named Plaintiff and others similarly situated all overtime wages earned at the properly calculated premium rate of pay in a timely manner.

34. Such violations were particularly willful because the underpayment of overtime was apparent on every paystub in which the overtime pay was due.

**<u>Defendants' Recordkeeping Violations</u>**

35. The FLSA and state law, including Ohio law, require Defendants to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C. §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

36. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due,

hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. § 516.2.

37. Defendants kept records of some hours worked or otherwise had the ability to accurately track hours worked and overtime earned and owed through Defendants' hardware, software, and/or systems, by Named Plaintiff and other similarly situated employees.

38. However, because of Defendants' policy of not including weekly Attendance Bonuses and other forms of non-discretionary pay when calculating employees' regular rate of pay for overtime purposes, Defendants failed to accurately calculate Named Plaintiff and other similarly situated employees' regular rate of pay for overtime purposes.

39. Defendants willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly calculated regular rates of pay. Defendants' failure to properly calculate regular rates of pay had the direct effect of reducing Defendants' labor costs to the detriment of Named Plaintiff and other similarly situated employees.

40. Defendants willfully and intentionally did not correctly record and pay all hours worked at the appropriate rate in violation of the FLSA and in violation of the FLSA's recordkeeping requirements.

**Defendants failed to Produce Documents in Accordance with O.R.C. § 4111.14(G) and the Ohio Const. Art. II, § 34a**

41. Named Plaintiff authorized Plaintiff's Counsel to request his time and pay records pursuant to O.R.C. § 4111.14(G) and Article II, § 34a of the Ohio Constitution.

42. Counsel sent said document requests on April 20, 2026, with the documents being due for production by June 2, 2026.

43. To date, Defendants have failed to produce the requested documents.

44. Upon information and belief, Defendants complied with Ohio Const. Art. II, § 34a, and maintained a record of Named Plaintiff's employment records, including his "name, address, occupation, pay rate, hours worked for each day worked and each amount paid…for a period of not less than three years following the last date" Named Plaintiff was employed. Ohio Const. Art. II, §34a.

45. Named Plaintiff's document requests sought the documents Defendants were required to maintain pursuant to the Ohio Constitution, Ohio Const. Art. II, § 34a.

46. Presuming Defendants complied with its obligations under the Ohio Constitution, production of the requested documents would not cause an undue hardship on Defendants because the requested documents are in Defendants' possession, custody, and control.

47. As of this filing, Defendants have not produced the requested time and pay data, and other employment records for Named Plaintiff.

48. Accordingly, more than thirty (30) business days have passed since Named Plaintiff's document requests, and Defendants are in violation of O.R.C. § 4111.14(G) and Art. II, § 34a of the Ohio Constitution.

49. As a result of such violations, Named Plaintiff is entitled to costs and attorneys' fees for having to seek legal remedy, as outlined in this Amended Complaint, for the purpose of seeking Court intervention and Defendants' compliance with O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a.

## COLLECTIVE ACTION ALLEGATIONS

50. Named Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and other similarly situated persons who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendants' unlawful conduct.

51. The FLSA Collective members who are “similarly situated” to Named Plaintiff which Named Plaintiff seeks to represent and for which Named Plaintiff seeks the right to send “opt-in” notices for purposes of the collective action, and of which Named Plaintiff himself is a member, is composed of and defined as follows:

> **All current and former hourly employees of Defendants, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, weekly Attendance Bonuses, and who worked more than forty (40) hours during any such workweeks at any time from April 9, 2023 through final disposition of this matter (“FLSA Collective Members”).**

52. This action is maintainable as an “opt-in” collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys’ fees and costs under the FLSA. In addition to Named Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

53. Such persons are “similarly situated” with respect to Defendants’ FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendants’ unlawful practice of failing to pay Named Plaintiff and others similarly situated an overtime premium of one and one-half times their properly calculated regular rate for all hours that exceeded forty (40) in the workweek. All have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys’ fees, and costs.

54. The identities of the putative FLSA Collective Members are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2.

## OHIO CLASS ACTION ALLEGATIONS
**(Ohio Class)**

55. Named Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others similarly situated who have similar claims under the laws of the State of Ohio, which are defined as:

> **All current and former hourly employees of Defendants in Ohio, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, weekly Attendance Bonuses, and who worked more than forty (40) hours during any such workweeks at any time from April 9, 2024 through final disposition of this matter ("Ohio Overtime Class")**.
>
> **All current and former hourly employees of Defendants in Ohio, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, weekly Attendance Bonuses, and who worked more than forty (40) hours during any such workweeks at any time from April 9, 2020 through final disposition of this matter ("Ohio Breach of Contract Class")**.
>
> **All current and former hourly employees of Defendants in Ohio, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, weekly Attendance Bonuses, and who worked more than forty (40) hours during any such workweeks at any time from April 9, 2022 through final disposition of this matter ("Ohio Quantum Meruit Class")**.
>
> **All current and former hourly employees of Defendants in Ohio, including temporary employees as applicable, who received additional non-discretionary compensation, including but not necessarily limited to, weekly Attendance Bonuses, and who worked more than forty (40) hours during any such workweeks at any time from April 9, 2022 through final disposition of this matter ("Ohio Unjust Enrichment Class")**.

56. The Ohio Overtime Class, Ohio Breach of Contract Class, Ohio Quantum Meruit Class, and Ohio Unjust Enrichment Class will be jointly referred as the Ohio Classes.

57. Each Class is so numerous that joinder of all members is impracticable. The exact number of class members is unknown but is estimated to exceed forty (40) individuals each. The exact

number as well as their identities are ascertainable from the payroll records Defendants have maintained, and were required to maintain, pursuant to Ohio law. Ohio Const. Art. II, § 34a.

58. There are questions of law or fact common to the Ohio Classes including whether Defendants failed to timely pay non-exempt hourly employees, such as Named Plaintiff and those similarly situated, for all hours worked in excess of forty (40) in any week at the lawful amount of one and one-half times their respective properly calculated regular rates as a result of Defendants' failure to include Named Plaintiff's and other similarly situated employees' non-discretionary compensation when calculating their regular rates of pay.

59. The questions of law or fact that are common to the Ohio Classes predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the Ohio Classes, listed above, are common to each class as a whole, and predominate over any questions affecting only individual Ohio Class members.

60. Named Plaintiff's claims are typical of the claims of other members of the Ohio Classes. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendants and are based on the same legal theories as the claims of other members of the Ohio Classes.

61. Named Plaintiff and the Ohio Classes have all been injured in that they have not been timely compensated due to Defendants' common policy, practice, and willful conduct. Defendants' corporate wide policies and practices affected the Ohio Classes similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the Ohio Class members.

62. Named Plaintiff will fairly and adequately protect the interests of the Ohio Classes. Named Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members.

63. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

64. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**COUNT ONE**
**(FLSA Overtime Violations)**

65. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

66. Named Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective Members who will join this case pursuant to 29 U.S.C. § 216(b).

67. The FLSA requires that Defendants' hourly non-exempt employees receive overtime compensation for hours worked in excess of forty (40) per week of "not less than one and one-half times" the employees' properly calculated "regular rate." 29 U.S.C. § 207(a)(1).

68. As hourly non-exempt employees, Named Plaintiff and the FLSA Collective Members should have been paid overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay when they worked more than forty (40) hours in a workweek.

69. Named Plaintiff and the FLSA Collective Members were not paid all overtime earned because Defendants failed to include non-discretionary compensation, including but not limited to weekly Attendance Bonuses, in their regular rates of pay when calculating overtime.

70. At all relevant times, Named Plaintiff and the FLSA Collective Members regularly worked forty (40) or more hours per workweek for Defendants.

71. Named Plaintiff and the FLSA Collective Members were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for hours worked in excess of forty (40) in a workweek, resulting in violations of the FLSA.

72. Defendants' practice and policy of failing to include the non-discretionary compensation noted above in Named Plaintiff and other similarly situated employees' regular rates of pay when calculating overtime resulted in Defendants' failure to pay Named Plaintiff and other similarly situated employees overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) per workweek, in violation of the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.23.

73. At all relevant times, Defendants knew they were required to pay Named Plaintiff and the FLSA Collective Members all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

74. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

75. The exact total amount of compensation, including overtime compensation, that Defendants failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

76. As a result of Defendants' violations of the FLSA, Named Plaintiff and the FLSA Collective Members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

**COUNT TWO**
**(Ohio Class – Overtime Violations)**

77. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

78. Named Plaintiff brings this claim for violation of the OMFWSA, on behalf of himself and all members of the Ohio Class for which certification is sought pursuant to Fed. R. Civ. P. 23.

79. Named Plaintiff and the Ohio Class members were not paid all overtime earned because Defendants failed to include non-discretionary compensation, including but not limited to weekly Attendance Bonuses, in their regular rates of pay when calculating overtime.

80. At all relevant times, Named Plaintiff and the Ohio Class members regularly worked forty (40) or more hours per workweek for Defendants.

81. Defendants' practice and policy of failing to include the non-discretionary compensation noted above in Named Plaintiff's and the Ohio Class members' regular rates of pay when calculating overtime resulted in Defendants' failure to pay Named Plaintiff and the Ohio Class members overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) per workweek.

82. Named Plaintiff and the Ohio Class members were not paid lawful overtime compensation of one and one-half times their properly calculated regular rates for all hours worked in excess of forty (40) in a workweek, resulting in overtime violations of Ohio law.

83. Defendants failed to pay Named Plaintiff and the Ohio Class members the required overtime compensation.

84. At all relevant times, Defendants knew they were required to pay Named Plaintiff and the Ohio Class members all overtime compensation earned at a rate of one and one-half times their properly calculated regular rate.

85. Defendants' practice and policy of not paying Named Plaintiff and the Ohio Class members for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of forty (40) per workweek is a violation of the OMFWSA.

86. The exact total amount of compensation, including overtime compensation, that Defendants failed to pay Named Plaintiff and the Ohio Class members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

87. As a result of Defendants' violations of the OMFWSA, Named Plaintiff and the Ohio Class members were injured in that they did not receive all overtime compensation due to them pursuant to Ohio's wage and hour laws.

**COUNT THREE**
**(Ohio Class – Breach of Contract)**

88. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

89. Named Plaintiff seeks compensation for Defendants' failure to pay Named Plaintiff a premium rate of time and a half Named Plaintiff's properly calculated regular rate of pay for all hours worked in excess of forty (40) in a workweek as a result of Defendants' failure to include

non-discretionary bonuses in the calculation of Named Plaintiff's regular rate of pay for overtime purposes.

90. A valid and enforceable agreement existed between Named Plaintiff and Defendants, and the Breach of Contract Class Members and Defendants, the terms and conditions of which include, but are not limited to, an agreement by Named Plaintiff and the Breach of Contract Class Members to perform services for Defendants, and for Defendants to pay Named Plaintiff and the Breach of Contract Class Members for all hours worked at an agreed hourly rate, and for Defendants to pay Named Plaintiff and the Breach of Contract Class Members for all hours worked over forty (40) in a workweek at a premium rate of time and a half their properly calculated regular rate.

91. More specifically, under Ohio law, the elements of an enforceable contract are an offer, acceptance, consideration, and mutual meeting of the minds.

92. Here, a contract was formed at the time Named Plaintiff was hired by Defendants. The contract was an offer made at the time of hire. The contract was a written contract, memorialized through Defendants' integrated compensation system, including Defendants' employee handbook(s), payroll records, written policies, and pay statements. The terms of the contract were straightforward. Named Plaintiff agreed to perform work for Defendants in exchange for Defendants' payment of an hourly rate for all hours worked by Named Plaintiff, including a premium of time and a half Named Plaintiff's properly calculated regular rate for all hours worked over forty (40) in a workweek. That is, Defendants made an offer to Named Plaintiff and each member of the Breach of Contract Class to pay Named Plaintiff and the Breach of Contract Class an hourly rate for all work performed for Defendants, and a premium rate of time and a half their properly calculated regular rate for all hours worked for Defendants over forty (40) in a workweek.

Named Plaintiff accepted that offer and began performing work for Defendants. Defendants violated the agreement by failing to pay a premium rate of time and a half Named Plaintiff's properly calculated regular rate of pay for all hours worked over forty (40) in a workweek by failing to include non-discretionary bonuses in the calculation of Named Plaintiff's regular rate of pay.

93. Further, the consideration provided by Defendants to Named Plaintiff was a set amount of money for each hour worked, and a premium rate for each hour worked over forty (40) in a workweek. Moreover, Defendants and Named Plaintiff had a meeting of the minds of an agreed hourly rate for all hours worked, and an agreed premium rate for all hours worked over forty (40) in a workweek. Again, Defendants violated this agreement.

94. Defendants failed to include Named Plaintiff's non-discretionary bonuses, including but not limited to Attendance Bonuses, when calculated Named Plaintiff's regular rate of pay for overtime purposes, and therefore, breached their agreement with Named Plaintiff. Non-discretionary bonuses should have been included when Defendants calculated Named Plaintiff's regular rate of pay for overtime purposes.

95. Finally, Named Plaintiff suffered damages as a result of Defendants' breach of the agreement. Named Plaintiff was not paid one and one-half times his properly calculated regular rate of pay for all hours worked over forty (40) in a workweek. Consequently, he was denied monetary compensation due under the law.

96. The same facts exist for the Breach of Contract Class Members.

97. Named Plaintiff and the Breach of Contract Class Members duly performed under the agreement at Defendants' direction and for their benefit, as noted herein.

98. Defendants failed and refused to fulfill their obligations under the agreement by not including non-discretionary bonuses, including but not limited to Attendance Bonuses, in the calculation of Named Plaintiff's and the Breach of Contract Class Members' regular rate of pay for overtime purposes.

99. Named Plaintiff and the Breach of Contract Class Members are entitled to recover damages from these breaches from April 9, 2020.

**COUNT FOUR**
**(Ohio Class – Quantum Meruit)**

100. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

101. Named Plaintiff seeks compensation for Defendants' failure to pay Named Plaintiff a premium rate of one and one-half times Named Plaintiff's properly calculated regular rate of pay for all hours worked in excess of forty (40) in a workweek as a result of Defendants' failure to include non-discretionary bonuses in the calculation of Named Plaintiff's regular rate of pay for overtime purposes.

102. This claim is pled in the alternative to Count Three. Named Plaintiff and the Quantum Meruit Class Members performed and provided valuable work (described in this Amended Complaint) to Defendants during their employment with Defendants.

103. The hours Named Plaintiff and the Quantum Meruit Class Members worked over forty (40) in a workweek constituted compensable overtime hours that were primarily for the benefit of Defendants, performed at the direction of Defendants, performed during the workday, and performed during prescribed hours.

104. Defendants had knowledge of, accepted, appreciated, and retained the benefit of Named Plaintiff's and the Quantum Meruit Class Members' overtime hours.

105. No contract exists between Named Plaintiff and Defendants, and the Quantum Meruit Class Members and Defendants.

106. Defendants had reasonable notice and/or knowledge that Named Plaintiff and the Quantum Meruit Class Members expected to be compensated at the premium rate of one and one-half times their properly calculated regular rate of pay for all hours worked over forty (40) in a workweek.

107. Defendants failed to pay Named Plaintiff and the Quantum Meruit Class Members the reasonable value of their work.

108. Under the circumstances described in this Amended Complaint, it would be inequitable for Defendants to retain the benefit without proper payment of value to Named Plaintiff and the Quantum Meruit Class Members.

109. Named Plaintiff and the Quantum Meruit Class Members are entitled to recover damages under this claim from April 9, 2022.

## COUNT FIVE
## (Ohio Class – Unjust Enrichment)

110. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

111. Named Plaintiff seeks compensation for Defendants' failure to pay Named Plaintiff a premium rate of one and one-half times Named Plaintiff's properly calculated regular rate of pay for all hours worked in excess of forty (40) in a workweek as a result of Defendants' failure to include non-discretionary bonuses in the calculation of Named Plaintiff's regular rate of pay for overtime purposes.

112. This claim is pled in the alternative to Count Three. Named Plaintiff and the Unjust Enrichment Class Members performed and provided valuable work (described in this Amended Complaint) to Defendants during their employment with Defendants.

113. The services provided by Named Plaintiff and the Unjust Enrichment Class Members provided a benefit to Defendants. Namely, the overtime work performed by Named Plaintiff and the Unjust Enrichment Class Members provided a benefit to Defendants by ensuring that Defendants had products to sell in order to sustain their business.

114. Defendants were aware of the benefit provided by Named Plaintiff and the Unjust Enrichment Class Members. Indeed, Defendants required overtime work to be performed, had knowledge of the overtime work, and were aware of the benefit provided by Named Plaintiff and the Unjust Enrichment Class Members working overtime.

115. The overtime work constituted compensable work that was primarily for the benefit of Defendants, performed at the direction of Defendants, performed during the workday, and performed during prescribed hours.

116. Defendants had knowledge of, accepted, appreciated, and retained the benefit of Named Plaintiff's and the Unjust Enrichment Class Members' overtime work.

117. Under these circumstances, it would be unfair and inequitable for Defendants to retain the benefit of the services and work performed by Named Plaintiff and the Unjust Enrichment Class Members without compensating them at the premium rate of one and one-half times their properly calculated regular rates of pay for all overtime hours.

118. Named Plaintiff and the Unjust Enrichment Class Members are entitled to recover damages under this claim from April 9, 2022.

**COUNT SIX**
**(Ohio Class – Prompt Pay Claim)**

119. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

120. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

121. Named Plaintiff brings this claim for violation of Ohio's Prompt Pay Act, on behalf of himself and all members of the Ohio Classes.

122. Here, Defendants failed to pay Named Plaintiff and those similarly situated for all overtime compensation at a rate of one and one-half times their properly calculated regular rates of pay within the time periods required by the OPPA. This resulted in Named Plaintiff and others similarly situated not receiving all wages that they earned and were entitled to receive under state and federal law.

123. There is no dispute that Named Plaintiff and those similarly situated are required to be paid all work time, including regular wages and overtime, under Ohio law.

124. Named Plaintiff and the members of the Ohio Classes were not timely paid all wages earned because Defendants failed to include the non-discretionary compensation, including but not limited to weekly Attendance Bonuses, into Named Plaintiff and the members of the Ohio Classes' regular rates of pay when calculating overtime.

125. The exact total amount of compensation, including overtime compensation, that Defendants failed to pay Named Plaintiff and the members of the Ohio Classes is unknown at this

time, as many of the records necessary to make such precise calculations are in the possession of Defendants.

126. Defendants' failure to pay all wages due under Ohio's Prompt Pay Act to Named Plaintiff and the members of the Ohio Classes entitles them to the unpaid wages, plus "an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

**COUNT SEVEN**
**(Ohio Classes and Civil Penalties for Criminal Acts – O.R.C. § 2307.60)**

127. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

128. Named Plaintiff brings this claim for Civil Penalties for Criminal Acts, pursuant to O.R.C. § 2307.60 on behalf of himself and all members of the Ohio Classes for which certification is sought pursuant to Fed. R. Civ. P. 23.

129. The FLSA, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

130. By its acts and omissions described herein, Defendants have willfully violated the FLSA and Named Plaintiff and the members of the Ohio Classes were injured as a result.

131. Ohio R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

132. As a result of Defendants' willful violations of the FLSA, Named Plaintiff and the members of the Ohio Classes are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

**COUNT EIGHT**
**(Violation of O.R.C. § 4111.14(G) and Ohio Const. Art. II, § 34a)**

133. Named Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

134. As of April 20, 2026, time and pay records were requested by Named Plaintiff's authorized and legal representative, pursuant to Ohio Const. Art. II, § 34a.

135. At all relevant times, Defendants were Named Plaintiff's "employer", individually and jointly, as defined in O.R.C. § 4111.14 and Ohio Const. Art. II, § 34a.

136. As Named Plaintiff's employer, Defendants were required to maintain records relating to Named Plaintiff's employment in accordance with Ohio law.

137. Under O.R.C. § 4111.14(G) and in accordance with the Ohio Constitution, Defendants were required to "provide such information without charge to an employee or person acting on behalf of an employee upon request … within thirty (30) business days."

138. Named Plaintiff's counsel made such requests upon Defendants on April 20, 2026.

139. More than thirty (30) business days have passed, and of this filing, Defendants have not produced any records for Named Plaintiff.

140. Because no employment records have been produced, and thirty (30) business days have passed since the requests, Defendants have violated O.R.C. § 4111.14 and Ohio Const. Art. II, § 34a.

## PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff, on behalf of himself and others similarly situated, respectfully requests that this Honorable Court:

A. Authorize Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt in pursuant to 29 U.S.C. § 216(b);

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Named Plaintiff and the members of the Ohio Classes;

C. Enter judgment against Defendants, jointly and severally, and in favor of Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes;

D. Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes actual damages for unpaid wages;

E. Award Named Plaintiff and the FLSA Collective Members liquidated damages equal in amount to the unpaid wages found due to Named Plaintiff and the FLSA Collective Members;

F. Award Named Plaintiff and the members of the Ohio Classes, as liquidated damages, an amount equal to six per cent (6%) of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars ($200), whichever is greater;

G. Find that Defendants, individually and jointly, acted willfully and without a good faith basis for their violations of the FLSA and O.R.C. § 2307.60;

H. Award Named Plaintiff and the members of the Ohio Classes compensatory and punitive damages pursuant to O.R.C. § 2307.60;

I. Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes pre-judgment and post-judgment interest at the statutory rate;

J. Direct Defendants to produce all documents pursuant to O.R.C. § 4111.14(G) at no cost to Named Plaintiff, the FLSA Collective Members, or the members of the Ohio Classes;

K. Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

L. Award Named Plaintiff, the FLSA Collective Members, and the members of the Ohio Classes any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES LEGAL GROUP LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
Nicholas A. Boggs (0102430)
700 W. St. Clair Ave., Suite 320
Cleveland, Ohio 44113
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com
nboggs@ohlaborlaw.com

Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, Ohio 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Named Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robi J. Baishnab*
*Counsel for Plaintiffs*